ROBERT L. BLAND, Jugde.
These three cases grow out of an accident which occurred on the 20th of March, 1944, at the intersection of Ninth avenue (state route 52) and Fifth street, in the city of Huntington, West Virginia. Since they involve the same basic facts, so far as the accident is concerned, they are, for prudential reasons, consolidated and heard together. The awards sought are as follows: Claimant A. W. Utterback, $1,500.00; claimant Mrs. A. W. Utterback, $15,000.00, and claimant Frances Cremeans, $1,500.00.
Claimant A. W. Utterback, now an Ensign in the United States Naval Reserve, was, for four years prior to his enlistment, engaged in the insurance business in said city of Huntington, having been superintendent of the National Life and Accident Insurance Company. He was paid in that capacity a stated salary and also received the benefit of certain commissions.
*97 About six o’clock on the evening of the twentieth day of March, 1944, accompanied by his wife, claimant Mrs. A. W. Utterback, and son, two years of age, and his sister, claimant Frances Cremeans, Ensign Utterback was driving his 1941 model special Deluxe Chevrolet automobile in a westerly direction on Ninth avenue (state route 52). He and his wife occupied the front seat, while Mrs. Cremeans and the child sat in the back seat. At the intersection of Ninth avenue and Fifth street the Utterback car, which was being driven at a speed of from fifteen to eighteen miles per hour, and a Plymouth coupe automobile, owned by the state road commission and driven by C. E. Tauszky, junior engineer for the road commission, collided. The Utterback car was very badly damaged. Ensign Utterback sustained some slight bruises about the face and body; Mrs. Utterback was very seriously hurt. Her right eye was badly cut in three places and the side of her right cheek was disfigured. Below the right eye there was a lump as big as a hen’s egg. In addition she suffered great nervous shock and experienced much pain. Several hundred dollars were expended for medical and surgical attention, plastic surgery having been resorted to to repair the disfigurement of her face. Hospital residence and medical treatment necessitated the expenditure of large sums of money on her behalf. Claimant Frances Cre-means was hurt about her limbs and body and found it necessary to be placed in a hospital for forty-two days, incurring expenditures incident to her injuries.
There is a marked conflict in the testimony submitted to this court, but physical facts surrounding the accident tell us much. Ninth avenue is an extensively used thoroughfare. At the point of its intersection with Fifth street there are no stop signs. The driver of the state car testified that he was not going more than ten miles an hour, which speed was as indicated by his own testimony, materially increased immediately before the accident as the impact of the collision and the relative position of the cars afterward would indicate. His car was found fifty-five feet back on Fifth street where it had run into a maple tree. He admitted that he knew of the existence of the two stop signs on Fifth street, and notwithstanding such knowledge he *98 did not stop in obedience to the traffic rules of the city. Ensign Utterback testified that just before entering the intersection he noticed the state car approaching on Fifth street back near the center of the block but that since he did not have any stop sign he paid no further attention to the car because he had the right of way. This was true, and it was the plain duty of the driver of the state car to have stopped his vehicle before entering the intersection. The accident was wholly uncalled for and could readily have been avoided by the exercise of ordinary judgment and the observance of the traffic signs of warning. It is fortunate that the occupants of the Utterback car escaped with their lives.
We do not believe that any good or necessary purpose would be subserved by entering into a more detailed discussion of the facts and circumstances surrounding the accident. Suffice it to say that the court made careful and thorough investigation of these facts and circumstances, and its members are unanimously of opinion that the claims filed in the three several cases are just and meritorious. It is believed that under the peculiar situation, bearing in mind the manner in which the state car was driven and the indifference shown to the stop signs by the agent of the state in charge of it and the dire consequences resulting from the accident, there is a moral obligation on the part of the state to make reparation for the property loss sustained and personal injuries suffered by the claimants. Both equity and good conscience would justify and warrant the Legislature in making an appropriation for the payment of the awards hereinafter made.
An award is, therefore, made in favor of claimant A. W. Utterback in the sum of five hundred dollars ($500.00), the major portion of which will reimburse him for the outlay made for the repair of his automobile and the residue to compensate him for the time necessarily lost from his business; and an award is made to claimant Mrs. A. W. Utterback in the sum of two thousand dollars ($2,000.00), which amount includes reimbursement for moneys necessarily expended to repair the damage done to her face, and makes a reasonable allowance for pain and suffering experienced; and to claimant Prances Cremeans an award is made in the sum of three hundred dollars ($300.00).